WATKINS, Judge.
This is an action on a promissory note in the amount of $350,000 of which “Charest Thibaut, Jr., and C. Therral Ransome, individually and as Agent and Attorney-in-Fact” (to quote plaintiff’s petition) were makers and Royal American Corporation, plaintiff, was payee. Defendants answered separately and each filed a reconventional demand.
In discovery proceedings, defendants took the deposition of Rolfe H. McCollister and sought to take the deposition of Simeo Gallo, the latter of whom was president of plaintiff corporation. In the course of Gallo’s deposition, counsel for plaintiff instructed him not to answer several questions asked by defendants’ counsel, and Gallo, following counsel’s instructions, failed to answer them. Defendants proceeded by rule to attempt to compel Gallo to answer the questions. In oral reasons for judgment, the lower court ordered Gallo not to answer the questions. Defendants applied for alternate writs of mandamus, certiorari and prohibition, which this Court granted. We make the writs peremptory, and order Gallo to answer the following questions, and any other question which pertains to the subject matter of the questions propounded.
The following questions were propounded and not answered:
“BY MR. KINGSDORF:
“Q Were you aware in 1974 or are you aware now that Rolfe McCollister; Donald Hayden; Clifford Ourso, Jr.; and George McNutt each received $25,000.00 for the purchase of whatever interest they might have had in *99 the option to purchase stock executed December 14, 1972?
“Q Do you feel that you should have been apprised of that fact?
“Q Are you aware of where the money came from to pay these four individuals for the option?
“Q Are you aware of what each of these individuals might have done to deserve $25,000.00 each for the purchase of this option?
“Q Do you know who handled the negotiations for the purchase of this option agreement?
¡“Q Do you feel that you should have been consulted relative to the purchase of this option in that you were President of Royal American Corporation?
“Q Do you feel that the stockholders of Royal American Corporation should have been informed that several of their directors had received payment for purchase of an option bought on December 14, 1972, by Donald Hayden and Roy LeBouef acting on behalf of several directors of Royal American Corporation?”
The scope of discovery is stated as follows in LSA-C.C.P. art. 1422:
“Unless otherwise limited by order of the court in accordance with this Chapter, the scope of discovery is as set forth in this Article and in Articles 1423 through 1425.
“Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.”
Thus, not only may discovery be had of any matter not privileged which is relevant to the subject matter involved in the pending action, but any matter even if inadmissible at trial which appears reasonably calculated to lead to the discovery of admissible evidence.
The discovery rules of our state are to be liberally construed in favor of freedom of discovery. As was stated in Succession of Norton, 351 So.2d 107 (La.1977):
“One of the basic notions relative to a court’s interpretation of our rules on discovery is that these rules should be liberally construed in favor of discovery wherever possible. Any issue of relevancy is necessarily dependent upon the surrounding circumstances and legal framework within which the issue is presented.” (351 So.2d 107, 111)
We have thoroughly reviewed the record as it stands at the present stage, after issue has been joined but before trial on the merits, and conclude at the very least the answers to the questions propounded may lead to the discovery of admissible evidence. As the pleadings stand, it appears there were at least two option agreements, interests in one of which were purchased contemporaneously with the execution of the note sued upon and to which the note sued upon may have been directly related, both as to the consideration given and as to Ransome’s representation of himself as agent and attorney in fact for a certain unnamed party or certain unnamed parties. For that reason, we believe that the questions propounded, and all related questions upon the same subject matter, must be answered.
It is so ordered, and the alternate writs of mandamus, certiorari and prohibition are made peremptory. All costs shall await a final determination on the merits.
WRIT MADE PEREMPTORY.